# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | No. 11-3183 SVW (VBKx) | Date | June 24, 2011 |
|---|---|---|---|
| Title | Keskey v. Target Corp. et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER re Motion to Dismiss [8] and Ex Parte Application to Remand [19]

## I.     Introduction

Tyler Keskey ("Plaintiff") is a former employee of Target Corporation ("Defendant").  Plaintiff filed a class action complaint in state court, which was removed by Defendant on April 14, 2011.  Plaintiff alleges five causes of action for violations of various state labor and business laws.  Defendant has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), contending four of five of the claims fail to state a claim.  As for the remaining claim, Defendant contends it is subsumed by a prior class action pending in the United States District Court for the Southern District of California.  Defendant requests a stay or dismissal of this claim.  Subsequently, Plaintiff filed an *Ex Parte* Application to Remand as well as an *Ex Parte* Application to Extend the Filing of His Class Certification Motion under local rule 23-3.[1]

For the reasons stated below, Plaintiff's *Ex Parte* Application to Remand is DENIED.  Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## A.     Facts Alleged in Complaint

In his First Amended Complaint ("FAC"), Plaintiff seeks recovery for himself and a putative class consisting of all hourly or non-exempt employees whom Defendant has employed in California from February 2, 2007, to the date of certification.  (FAC ¶ 16).  The FAC asserts five causes of action for: (1) failure to pay minimum wages; (2) failure to pay out vested vacation time; (3) penalties for failure to furnish properly itemized and accurate wage statements; (4) penalties for failure to provide seating; and (5) violations of California Business and Professions Code section 17200 *et seq*.

The first cause of action is premised on Plaintiff's claim that he worked while on his meal periods, was required to work after he punched out, and was required to work until the entry and exit doors of the store were unlocked. (FAC ¶¶ 42-44). Plaintiff alleges that he was not paid for the time he

---

[1]

The Court granted Plaintiff an additional 90 days to file his class certification motion at the Hearing on May 23, 2011.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 11-3183 SVW (VBKx) | Date | June 24, 2011 |
|---|---|---|---|
| Title | Keskey v. Target Corp. et al. | | |

was required to help close the store after clocking out.  Plaintiff alleges that his proposed class suffered the same harm and, for himself and the class, he seeks unpaid wages, damages, and civil penalties.

The second cause of action is premised on the first cause of action.  Plaintiff contends that because he was not credited for time he worked off the clock, he was not given vacation time for this work.  Plaintiff contends that Defendant did not pay Plaintiff and class members for earned vacations at the time of termination as required by law.

The third cause of action, brought under California Labor Code section 226(a), alleges that Defendant intentionally and wilfully failed to provide employees with complete and accurate wage statements.  The alleged deficiencies include the failure to state the rate at which overtime hours were paid, the failure to list the total hours worked, and the failure to list the address of the employer.

In his fourth cause of action, Plaintiff seeks to recover PAGA civil penalties for alleged violations of California Labor Code section 1198, which require that employers provide employees with seats when the nature of the work reasonably permits the use of seats.

In his fifth cause of action, brought under California Business and Professions Code section 17200, Plaintiff seeks restitution for himself and the class of the wages sought in the first and second causes of action.

Plaintiff defines two proposed subclasses: the "unpaid wages subclass," which includes all hourly employees who worked in California within four years prior to the filing of the Complaint, and the "penalties subclass," which includes all hourly employees who worked in California within one year prior to the filing of the Complaint.

## II.    Discussion

### A.    *Ex Parte* Application to Remand

Under CAFA, district courts are vested with "'original jurisdiction of any civil action in which . . . the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant.  Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)).  Furthermore, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).

In his *Ex Parte* Application to Remand the case back to Los Angeles Superior Court, Plaintiff argues that Defendant failed to support its contention that over $5,000,000 is in controversy under CAFA.  Although the parties dispute whether the Court should apply the "legal certainty" standard of proof, the Court finds that regardless of whether the legal certainty or preponderance standard applies, Defendant has met its burden to show that over $5,000,000 is in controversy.

Unless a class-action plaintiff is acting in bad faith, if the complaint alleges that the class's recovery is less than $5,000,000, defendants must prove the amount in controversy to a legal certainty rather than merely by a preponderance of the evidence.  Lowdermilk, 429 F.3d at 999.  The "legal certainty" standard sets a high bar for the party seeking removal, but it is not insurmountable. Id. at

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 11-3183 SVW (VBKx) | Date | June 24, 2011 |
|----------|------------------------|------|---------------|
| Title | Keskey v. Target Corp. et al. | | |

1000.  A court "cannot base [its] jurisdiction on a[d]efendant's speculation and conjecture."  Id. at 1002. Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir.1992).  In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir.2004) (internal quotations omitted); Singer, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").  A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice.  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n. 1 (9th Cir.2002).

Under California Labor Code § 1197.1, statutory penalties of $100 are available per pay period for the first violation when an employer does not pay a minimum wage for off-the-clock hours, and $250 is available per pay period for every violation thereafter.  Over a one year period, Defendant presents undisputed evidence that it employed at least 50,000 employees in California.  Assuming that each employee worked without some compensation for just *one pay period*, as Plaintiff purports to allege in bringing this class suit, the damages for the statutory penalty subclass would total $5 million.  Defendant also produces evidence that it faces another $5 million in potential liability under Plaintiff's PAGA claim, which provides for penalties of $100 per pay period for the first violation and $200 per pay period for each subsequent failure to provide adequate wage statements.  These two estimates, based on the minimal assumptions possible (a single statutory violation per class member), show that Defendant faces at least $10 million in liability.  Cf. Rhoades v. Progressive Cas. Ins. Co., Inc., No. 2:10-cv-1788-GEB-KJM, 2010 WL 3958702 (E.D. Cal Oct. 8, 2010) (holding defendant failed to meet legal certainty standard because defendant calculated amount in controversy by assuming more than minimum possible class size and maximum penalty periods without evidentiary support).[2]

Plaintiff contests Defendant's use of all 50,000 employees employed over a one year period in making its calculations.  Plaintiff argues that *some*, but not *all* employees may not have received just compensation under § 1197.1, and that *some*, but not *all* employees may not have received accurate wage statements.  However, Plaintiff's argument is contradictory to its Complaint, which asserts that its class members share common claims and that all sub-class members were harmed.  Even if *half* of the employees received just one deficient wage statement and did not receive wages for off-the-clock work

---

[2]

Unlike the plaintiff's FAC in Rhoades, here Plaintiff's FAC does not limit the subclass to members "who did not receive just compensation" and instead broadly defines the subclass as all hourly employees who worked in California within one year prior to the filing of the Complaint.  In fact, if Plaintiff's argument is followed to its conclusion, it would appear that much of Plaintiff's purported class would not have suffered all of the harms alleged.  This would raise serious questions as to whether individual questions predominate over common questions under Fed. R. Civ. P. Rule 23.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 11-3183 SVW (VBKx) | Date | June 24, 2011 |
|---|---|---|---|
| Title | Keskey v. Target Corp. et al. | | |

on a single occasion, the $5 million requirement would be met.  Plaintiff's class action allegations  – that Plaintiff's claims are typical of and common to the class members' claims –  is contradictory to Plaintiff's present position that most class members in fact *were not harmed*.

Based on these two causes of action alone, and not even including potential liability for Plaintiff's California Labor Code § 203 waiting-time penalty claim, the Court finds that Defendant has met its burden of showing that the amount in controversy exceeds $5 million to a legal certainty.

Plaintiff's *ex parte* application to remand is DENIED.

### B.      Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  See Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in a light most favorable to the nonmoving party.  Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).  While a court does not need to accept a pleader's legal conclusions as true, the court reviews the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

### (1)      Defendant's Motion to Dismiss Plaintiff's First, Second, Third, and Fifth Causes of Action Under Iqbal and Twombly

Defendant argues that Plaintiff's first cause of action is deficient because it merely alleges facts as to Plaintiff, but not as to the class.  Defendant argues that the remaining causes of action are

---

Initials of Preparer                          PMC

:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 11-3183 SVW (VBKx) | Date | June 24, 2011 |
|----------|------------------------|------|---------------|
| Title | Keskey v. Target Corp. et al. | | |

derivative of the first cause of action, and therefore, fail for the same reason. Defendant concedes that Plaintiff's factual allegations as to his individual claims are sufficient under Iqbal and Twombly. Dismissing Plaintiff's individual claims is therefore unwarranted. Further, the FAC generally alleges that all class members faced the same harms as Plaintiff. At this stage, no further facts are needed to state plausible claims.

    **(2)    Defendant's Motion to Dismiss Plaintiff's Third Cause of Action For Failure to State a Claim**

Defendant argues Plaintiff's Third Cause of Action, for violations of California Labor Code section 226(a), fails to state a claim under Price v. Starbucks Corp., 192 Cal. App. 4th 1136 (2011).

In Price, as in this case, the plaintiff alleged that Starbucks' wage statements did not comply with the requirements of section 226(a).[3] The plaintiff sought to represent a class that was purportedly injured by deficient wage statements that caused confusion about wages due. Id. at 1142. The California Court of Appeals held that the plaintiff failed to meet the injury requirement enumerated in section 226. Id. The court held that the injury requirement "cannot be satisfied simply if one of the . . . itemized requirements in section 226, subdivision (a) is missing from a wage statement." Id. Similarly, in this case, Plaintiff's third cause of action alleges only that he and the putative class were denied their legal right to receive accurate itemized wage statements.

Plaintiff argues that Price is inapplicable after a later decided California Supreme Court case, Kwikset Corp. v. Super. Ct., 51 Cal. 4th 310 (2011). However, Kwikset addressed the effect of Proposition 64 on California Business and Professions Code section 17200 *et seq.* The Supreme Court in no way construed California Labor Code section 226(a). As such, Plaintiff's argument is unavailing.

    **(3)    Defendant's Motion to Dismiss or Stay Plaintiff's Fourth Cause of Action Under First to File Rule**

Defendant argues that a class action lawsuit filed two years ago subsumes Plaintiff's Fourth Cause of Action for failing to provide seats to employees. The class action, Murphy v. Target Corp., involves a claim with identical parties and identical facts as to the Fourth Cause of Action for failure to

---

[3]

Section 226, subdivision (e) states: "An employee *suffering injury* as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

California Labor Code, section 226(e) (emphasis added).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 11-3183 SVW (VBKx) | Date | June 24, 2011 |
|---|---|---|---|
| Title | Keskey v. Target Corp. et al. | | |

provide seats.  In <u>Murphy</u>, the plaintiff purports to represent all California-based, non-exempt cashiers or employees who hold similar positions that regularly involve the operation of a cash register.  In this case, Plaintiff is himself a putative class member in <u>Murphy</u> because he was required to handle a cash register.

Plaintiff does not argue that the first to file rule is inapplicable, nor does he dispute that he is not a class member in the <u>Murphy</u> suit.  However, Plaintiff contends that a dismissal is inappropriate because "[t]he more efficient procedural strategy is to consolidate the actions into one case, so as to have all class claims against Defendant in a single action."  Opp'n at 16.

However, Plaintiff has not sought to transfer the <u>Murphy</u> action to this court.  Moreover, Plaintiff presents no persuasive grounds warranting a transfer to this Court.  Plaintiff's PAGA claim is one of five causes of action in this suit, whereas <u>Murphy</u> contains only one cause of action.  Further, <u>Murphy</u> has been pending for two years, while this case was removed on April 14, 2011.

Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action is GRANTED.

**III.    Conclusion**

Plaintiff's *ex parte* application to remand is DENIED.  Defendant's Motion to Dismiss Plaintiff's First, Second, and Fifth causes of action is DENIED.  Defendant's Motion to Dismiss Plaintiff's Third and Fourth causes of action is GRANTED.

|  | : |
|---|---|
| Initials of Preparer | PMC |